**UNITED STATES of America, Appellee,**

v.

**Sancia V. FRASER, Defendant–Appellant.**

**No. 05–7055–cr.**

United States Court of Appeals, Second Circuit.

Nov. 28, 2006.

Samuel M. Braverman, Bronx, NY, for Appellant.

Jacob W. Buchdahl, Assistant United States Attorney, of counsel (Michael J. Garcia, United States Attorney for the Southern District of New York, Celeste L. Koeleveld, Assistant United States Attorney for the Southern District of New York, of counsel, on the brief), New York, NY, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. PETER W. HALL, Circuit Judges, and Hon. JOHN

GLEESON, District Judge.[*]

## SUMMARY ORDER

Defendant–Appellant Sancia V. Fraser ("Fraser") appeals from her conviction, following a jury trial in the Southern District of New York, for bank fraud, in violation of 18 U.S.C. § 1344, and conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371. Fraser's sole contention is that the District Court erred by precluding her from cross-examining the Government's witness Tamara Holmes on the topic of a polygraph test administered to her by law enforcement in the course of the investigation. We presume the parties' familiarity with the facts and procedural history of the case.

We review a trial judge's evidentiary rulings for abuse of discretion. *See United States v. Taubman*, 297 F.3d 161, 164 (2d Cir.2002). To find such abuse we must be convinced that the trial judge acted in an "arbitrary and irrational fashion." *United States v. Pipola*, 83 F.3d 556, 566 (2d Cir.1996) (citing *United States v. Pitre*, 960 F.2d 1112, 1119 (2d Cir.1992)).

Rule 403 of the Federal Rules of Evidence allows for the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. Both the United States Supreme Court and this Court have repeatedly upheld the exclusion of polygraph evidence because of its unreliability, its potential to confuse the issues and mislead the jury, and the danger of unfair prejudice posed by its admission. *See, e.g., United States v. Scheffer*, 523 U.S. 303, 309, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998); *United States v. Kwong*, 69 F.3d 663, 668 (2d Cir.1995); *United States v. Rea*, 958 F.2d 1206, 1224 (2d Cir.1992).

Fraser attempts to distinguish this case from those on the basis that she (1) sought to discuss only the fact that Holmes was confronted with the results of her polygraph test before she implicated Fraser and (2) was not attempting to prove to the jury the actual results of the polygraph test. Because the district court allowed Fraser to cross-examine Holmes as to her allegedly inconsistent statements and any reason Holmes might have had for changing her statement—so long as the polygraph test was not mentioned—the court only limited Fraser's cross-examination of Holmes to the extent allowed by Rule 403. The district court's decision to keep from the jury the potentially confusing and misleading fact that Holmes had taken a polygraph test and that it had yielded an inconclusive result was not arbitrary or irrational and thus was certainly not an abuse of discretion.[*]

---

[*] The Honorable John Gleeson, United States District Judge for the Eastern District of New York, sitting by designation.

[*] Fraser relies on, inter alia, two cases from the Ninth Circuit in arguing that polygraph evidence is admissible if offered "for a limited purpose that is unrelated to the substantive correctness of the results," *United States v. Miller*, 874 F.2d 1255, 1261 (9th Cir.1989), or if relevant simply because of the fact that it was given, *United States v. Bowen*, 857 F.2d 1337, 1341 (9th Cir.1988). Fraser points, however, to no case from this Circuit that has endorsed these principles. In addition, while these cases suggest that the admission of polygraph evidence, when narrowly tailored, may be proper, they certainly do not suggest that the exclusion of polygraph evidence, even when offered for a purpose as limited as Fraser's, would necessarily constitute an abuse of discretion.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**